IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNSON RESEARCH & DEVELOPMENT CO., INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 1:13-cv-03850-RWS |
| HASBRO, INC. AND HASBRO INTERNATIONAL, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF HASBRO'S MOTION TO STAY
PENDING DISPOSITION OF ITS MOTION TO TRANSFER**

**INTRODUCTION**

Hasbro, Inc. and Hasbro International, Inc. (together, "Hasbro") respectfully move to stay proceedings regarding the motion to confirm the arbitration award filed by Johnson Research & Development Co., Inc. ("Johnson Research") on November 20, 2013 (Dkt. No. 1) pending the disposition of Hasbro's Motion to Transfer, Stay, or Dismiss Johnson Research's Motion to Confirm, based on the first-filed rule, which is being filed concurrently herewith ("Motion to Transfer").

Hasbro files this motion on an emergency basis and requests an immediate hearing pursuant to Local Rule 7.2(B) because Hasbro's response to Johnson

Research's motion to confirm the arbitration award may be due on December 6, 2013, which under a normal briefing schedule would be before the Court resolves Hasbro's Motion to Transfer.  Counsel for Johnson Research has refused to extend those deadlines while the Court considers whether it should transfer or dismiss this case in favor of the first-filed case pending in the District of Rhode Island.  If the Court grants the Motion to Transfer, there will be no need to brief or decide any other issues in this action.  Accordingly, principles of sound judicial administration and efficiency favor staying all deadlines in this case until that motion is decided.

## FACTUAL BACKGROUND

As is more fully set out in Hasbro's Motion to Transfer, the parties dispute the enforceability of an arbitration award rendered on October 29, 2013, and amended on November 18, 2013, awarding over $70 million to Johnson Research (the "Award").  Motion to Transfer, Exhibit B ¶¶ 1, 32.

After the Award was issued, Hasbro filed a complaint in the United States District Court for the District of Rhode Island seeking to vacate the Award (the "Rhode Island Action").  *Id.* ¶ 37.  On the following day, November 19, Hasbro's counsel notified counsel for Johnson Research of the filing, requested that counsel accept service of original process on behalf of Johnson Research, and suggested that the parties agree on a briefing schedule for submission to the Rhode Island

2

court. Johnson Research's counsel agreed to accept service on November 20, 2013, and provided Hasbro's counsel with a signed return of service, which Hasbro filed with the Rhode Island court on November 22, 2013. Rhode Island Action Dkt. No. 4 Ex. C.[1]

Nonetheless, Johnson Research prepared and filed this action in this Court seeking to confirm the Award. Notably, Johnson Research did not advise this Court that Hasbro had previously filed in the Rhode Island court an action seeking to vacate the same Award that Johnson Research seeks to confirm.

Hasbro has concurrently moved to transfer this action to Rhode Island because the two actions substantially overlap and the Rhode Island Action was filed first.

Absent a stay in this action pending disposition of Hasbro's Motion to Transfer, the parties would potentially face other deadlines in this action. For example, Hasbro's response to Johnson Research's motion may be due (depending on how it is treated under the Local Rules) in nine days, on December 6, 2013. Further, the parties are required to submit a Joint Preliminary Planning Report

---

[1] Counsel for Johnson Research was served with the original Complaint (Rhode Island Action, Dkt. No. 1), as well as the Amended Complaint filed by Hasbro in the Rhode Island Action (Rhode Island Action, Dkt. No. 2).

3

thirty days after Hasbro's response, or on January 5, 2013.  *See* N.D. Ga. Civil LR 16.2.

## ARGUMENT

In this case of two parallel actions, the first-filed rule requires that, absent compelling circumstances, "'the court initially seized of a controversy should be the one to decide the case.'" *Travel Spike, LLC v. Travel Ad Network, Inc.*, 1:11-CV-3199-RWS, 2012 WL 887591, at *1 (N.D. Ga. Mar. 15, 2012) (Story, J.) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).  This rule "serves 'to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court.'"  *Id.* (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)).

The principles of "'comity and sound judicial administration'" on which the first-filed rule rests will be undermined if the parties are forced to continue to litigate the dispute in both forums while this Court considers Hasbro's Motion to Transfer.  *Id.* (quoting *Haydu*, 675 F.3d at 1174).

In order to preserve judicial and party resources and prevent duplicative litigation, Hasbro respectfully requests that this Court stay further deadlines in this

4

case pending disposition of the Motion to Transfer.  There is no question that the Court possesses that inherent power.  *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Within this inherent power is the power to stay to avoid "duplicating a proceeding already pending in another federal court."  *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (recognizing the power of the district court "to stay a case [during a definite period] pending the resolution of related proceedings in another forum").

 Here, Hasbro asks for a limited stay—restricted to the time in which this Court considers its Motion to Transfer—which would achieve both the general goals of sound judicial administration, as well as the specific goals of the first-filed rule.  Because "staying the present case would be beneficial to the parties and the court, as it would promote judicial efficiency and avoid inconsistent results," this Court should grant Hasbro's motion.  *Columbia Cas. Co. v. City of E. Point,* Civil

Action No. 1:09-CV-01388-JOF, 2009 WL 4641808, at *1 (N.D. Ga. Dec. 1, 2009).

## CONCLUSION

This Court should grant Hasbro's motion and stay all proceedings and deadlines in this action during its consideration of Hasbro's Motion to Transfer.

Pursuant to Civil LR 7.1(D), the undersigned hereby certifies that the foregoing brief has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the court in Civil LR 5.1(C).

Respectfully submitted this 27th day of November, 2013.

<div style="margin-left:50%">

**DUANE MORRIS LLP**

/s/ John R. Gibson
William D. Barwick (Bar No. 041025)
wdbarwick@duanemorris.com
Matthew C. Gaudet (Bar No. 287789)
mcgaudet@duanemorris.com
John R. Gibson (Bar No. 454507)
jrgibson@duanemorris.com
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
Phone: 404-253-6900
Fax: 404-253-6901

*Counsel for Hasbro, Inc. and Hasbro International, Inc.*

</div>

*Of Counsel:*

Darin Snyder
(*pro hac vice* application to be filed)
dsnyder@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Phone: 415-984-8700
Fax: 415-984-8701

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

*/s/ John R. Gibson*
John R. Gibson

*Counsel for Defendant Hasbro, Inc. and Hasbro International, Inc.*